UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUSTIN KELSOE,

    Petitioner,

v.                                          Case No. 8:22-cv-1743-MSS-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**O R D E R**

Kelsoe petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court conviction for sexual battery. (Doc. 1) The Respondent moves (Doc. 10) to dismiss the petition as untimely, and Kelsoe replies that the limitation period should equitably toll. (Doc. 11) An earlier order directed the parties to submit supplemental briefing on the merits of Kelsoe's claims. (Doc. 12) The Respondent moves for reconsideration, contends that Kelsoe fails to allege facts to support equitable tolling, and re-asserts that the petition is untimely. (Doc. 13 at 2)

**PROCEDURAL HISTORY**

A jury found Kelsoe guilty of sexual battery on a minor (Doc. 10-2 at 7), and the trial court sentenced Kelsoe to life in prison. (Doc. 10-2 at 10) Kelsoe appealed, and the state appellate court affirmed his conviction and sentence on June 1, 2016. (Doc. 10-2 at 19)

Over two years later, on June 8, 2018, Kelsoe placed in the hands of prison officials for mailing his motion for post-conviction relief. (Doc. 10-2 at 21–31) The post-conviction court denied relief on October 25, 2018. (Doc. 10-2 at 54–57) On October 1, 2019, Kelsoe

1

placed in the hands of prison officials for mailing a document titled "Notice of Inquiry" and asked whether the post-conviction court received a notice of appeal that he mailed on November 27, 2018. (Doc. 10-2 at 59–60) The clerk responded that the post-conviction court did not receive the notice of appeal. (Doc. 10-2 at 62)

On February 11, 2020, Kelsoe placed in the hands of prison officials for mailing a petition for a belated appeal. (Doc. 10-2 at 67–73) He attached to his petition a prison mail log showing that, on November 27, 2018, he placed in the hands of prison officials mail addressed to the post-conviction court. (Doc. 10-2 at 72, 82) The state appellate court denied his petition for a belated appeal.[1] (Doc. 10-2 at 84) On October 24, 2020, Kelsoe placed in the hands of prison officials for mailing a petition for a writ of habeas corpus alleging manifest injustice (Doc. 10-2 at 88–93), and the state appellate court construed the petition as a successive petition for a belated appeal and denied the construed petition. (Doc. 10-2 at 95)

Kelsoe sued in a federal civil rights action the United States Postal Service and the state appellate court judges who denied Kelsoe's petition for a belated appeal, and this Court dismissed the complaint because the defendants were immune from suit. *Kelsoe v. USPS*, No. 8:21-cv-434-MSS-JSS (M.D. Fla.), ECF Nos. 12 and 14. The Court advised Kelsoe that he should either sue jail staff who lost the notice of appeal or seek relief in a federal habeas action (*Kelsoe*, No. 8:21-cv-434-MSS-JSS (M.D. Fla.), ECF No. 12 at 5–6):

> To the extent that Kelsoe intends to raise an access to courts claim, he must assert a claim against the jail staff whom he claims lost the notice of appeal and assert an actual injury arising from the deliberate denial of access to mail. *Lewis v. Casey*, 518

---

[1] The post-conviction court denied relief on October 25, 2018 (Doc. 10-2 at 54–57), and a notice of appeal was due thirty days later — November 26, 2018. Fla. R. App. P. 9.110(b) and 9.141(b)(1); Fla. R. Jud. Admin. 2.514(a)(1)(C). Even if Kelsoe placed the notice of appeal in the hands of prison officials for mailing on November 27, 2018, his appeal was untimely.

U.S. 343, 354–55 (1996). *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) ("'[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.'") (citation omitted); *Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986) ("[I]nterference with access to the courts may constitute the deprivation of a substantive constitutional right, as well as a potential deprivation of property without due process, and may give rise to a claim for relief under § 1983. Any deliberate impediment to access, even a delay of access, may constitute a constitutional deprivation.") (citations omitted).

To the extent that Kelsoe intends to seek relief on his post-conviction claims, he may raise the post-conviction claims in a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and demonstrate cause and actual prejudice to excuse his failure to exhaust his remedies in state court. *Ledford v. Warden, Ga. Diag. Prison*, 975 F.3d 1145, 1161 (11th Cir. 2020) ("'To show cause, the petitioner must demonstrate some objective factor external to the defense that impeded his effort to raise the claim properly in state court.' . . . 'To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different' if he had been allowed to raise the issue in state court.") (citation omitted).

Kelsoe's federal petition (Doc. 1) followed. In his federal petition, Kelsoe asserts that the trial court violated his federal right to due process by permitting the prosecutor to improperly shift the burden of proof during closing (Ground One) and that trial counsel deficiently performed at trial. (Ground Two) (Doc. 1 at 5, 7) He contends that his petition is untimely because he placed in hands of prison officials for mailing a notice of appeal after the post-conviction court denied him relief, and the United States Postal Service lost the notice of appeal in the mail. (Doc. 1 at 13–14)

## ANALYSIS

The Respondent moves for reconsideration of the order directing the parties to brief the merits of the federal petition. (Doc. 13) A district court may reconsider an interlocutory

3

order at any time before entry of the final judgment. *Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1231 (11th Cir. 2010) ("It is permissible for a district court to rescind its own interlocutory order."). A one-year statute of limitation applies to a federal habeas petition challenging a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On June 1, 2016, the state appellate court affirmed Kelsoe's conviction and sentence in a decision without a written opinion. (Doc. 10-2 at 19) The state supreme court lacked jurisdiction to review the *per curiam* affirmance. *Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980). Kelsoe did not seek further review in the U.S. Supreme Court, and the time to seek that review expired ninety days after the state appellate court's decision — August 31, 2016. Sup. Ct. R. 13(1).

The limitation period started to run the next day and continued to run until September 1, 2017, when the period expired. Fed. R. Civ. P. 6(a)(1)(A). *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Kelsoe placed his federal petition in the hands of prison officials for mailing on July 19, 2022. (Doc. 1 at 1) Consequently, the federal petition is untimely.

"[A] properly filed application for State post-conviction or other collateral review" tolls the limitation period. 28 U.S.C. § 2244(d)(2). On June 8, 2018, Kelsoe placed in the hands of prison officials for mailing a motion for post-conviction relief. (Doc. 10-2 at 21) Because Kelsoe filed the post-conviction motion after the federal limitation period expired, the motion did not toll the limitation period. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

4

The Respondent contends that Kelsoe fails to argue equitable tolling in his petition and reply. (Doc. 13 at 2) In his petition, Kelsoe contends that his "notice of appeal [was] lost" and "his right to appeal at the state level [was denied] through no fault of his own." (Doc. 1 at 13–14) In his reply, he repeats that "[t]hrough no fault of [his own,] as is clear on the face of the record, denial of [his] motion for post-conviction relief has not been subjected to appellate review in state level courts as such violating [his] right to due process and right to appeal." (Doc. 11 at 2)

A petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Liberally construed, Kelsoe's petition and reply allege sufficient facts to support a claim of equitable tolling. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (citation omitted).

However, even if the limitation period equitably tolled from when Kelsoe placed the notice of appeal in the hands of prison officials for mailing until he filed his federal petition, his federal petition is untimely. The limitation period expired September 1, 2017, and Kelsoe filed his motion for post-conviction relief on June 8, 2018. (Doc. 10-2 at 21) Because Kelsoe's post-conviction motion — filed after the limitation period expired — did not toll the limitation period, his appeal of the order denying the post-conviction motion also would not toll the limitation period. *Sibley*, 377 F.3d at 1204.

Lastly, Kelsoe contends that the order dismissing his federal civil rights complaint misled him to believe that he could raise his claims in a federal habeas action. (Doc. 11

at 2–3) Kelsoe misconstrues the order dismissing the complaint. The Court suggested that Kelsoe could seek relief by either suing a proper defendant[2] in a federal civil rights complaint or seeking relief in a petition for a writ of habeas corpus. *Kelsoe*, No. 8:21-cv-434-MSS-JSS (M.D. Fla.), ECF No. 12 at 5–6. The Court warned Kelsoe that he would have to demonstrate cause and prejudice in a federal habeas petition to excuse a procedural default. *Kelsoe*, No. 8:21-cv-434-MSS-JSS (M.D. Fla.), ECF No. 12 at 6. The Court did not mislead Kelsoe to believe that he would be excused from complying with the statute of limitations or other procedural requirements that apply to a federal habeas petition.

Also, as explained above, the limitation period expired on September 1, 2017, and Kelsoe filed his federal civil rights complaint over three years later, on June 3, 2021. *Kelsoe*, No. 8:21-cv-434-MSS-JSS (M.D. Fla.), ECF No. 8-4. Consequently, when Kelsoe filed his federal civil rights complaint, the one-year limitation period that applies to a federal habeas petition already expired. Any delay in the federal civil rights action or confusion he now claims did not cause the petition to become untimely.

Accordingly, it is **ORDERED** that the Respondent's motion (Doc. 13) for reconsideration is **GRANTED,** and Kelsoe's petition (Doc. 1) is **DISMISSED** as time barred. The Respondent's motion to dismiss (Doc. 10 at 2) the Attorney General as a respondent is **GRANTED**. The Clerk is **DIRECTED** to enter a judgment against Kelsoe and **CLOSE** this case.

---

[2] Kelsoe contends that the prison mail log proves that prison staff mailed the notice of appeal. (Doc. 11 at 2) The Federal Tort Claims Act exempts from sovereign immunity waiver a suit against a postal worker for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

## DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Kelsoe neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on August 1, 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE